FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   00 JUL 31
NORTHWESTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JEANETTE JOHNSON,

    Plaintiff,

vs.                                  CASE NO. CV-99-J-1377-NW

AMERICAN WHOLESALE BOOK
COMPANY; RICHARD BARNETT
and CLYDE ANDERSON,

ENTERED

    Defendants.

JUL 3 1 2000

## MEMORANDUM OPINION

Currently pending before the court is the defendants' motion for summary judgment (doc. 15), filed July 10, 2000, to which the plaintiff has not responded.[1]

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 27, 1999, by filing a *pro se* complaint alleging that the defendants discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., ("Title VII").[2] Upon consideration of the pleadings, memorandum of the defendant and evidentiary submissions received, the court concludes that the motion for summary judgment is due to

---

[1] The court entered a scheduling order on August 17, 1999, which set July 11, 2000 as the last date on which to file dispositive motions (doc. 10). On July 10, 2000, the defendants' filed the motion now before the court. Under Exhibit A to the scheduling order, the plaintiff had until July 24, 2000 to file any response she wished to the defendants motion. To date, no such response has been received by the court.

[2] The plaintiff had hired an attorney by June 17, 1999.

17

be granted as no genuine issues of material fact remain and the defendant is entitled to judgment in its favor as a matter of law.

## FACTUAL BACKGROUND

The plaintiff began working for American Wholesale Book Company ("AWBC") in September, 1995. Amended complaint at ¶ 8. Plaintiff's employment with AWBC was terminated on August 11, 1997 for use of the employer's phone during a fire drill. Plaintiff depo. at 48; exh. 10 and 12 to plaintiff's depo. The plaintiff also alleges, prior to her termination, she was subjected to discrimination by being sent home to get her back belt, because other employees did not wear their back belts. Plaintiff depo. at 7-8, 15. She states "[t]here was one [white employee] – I can't think of her name right now – that assisted him at his desk, and she would go around and pick up orders. And at times we would get real busy, and she would start filling orders and would not have a belt on." *Id* at 15. Plaintiff further testified that Richard Barnett, a Senior Manager at AWBC, did not wear a back belt either.[3] *Id*. at 16.

She at first could remember no other incidents of discrimination, but then stated she was also chastised for being tardy more times than she actually was. *Id*. at 8, 11. However, plaintiff could not recall ever having been disciplined for being late to work. *Id*. at 32-33. She also alleges that other employees made personal phone calls during the workday. *Id*. at

---

[3]Individual defendant Richard Barnett was the manager of the Order Filling Department, in which plaintiff worked at the time of her termination (Barnett affidavit. at ¶ 2).

2

11-12, 36. The plaintiff stated that she did likewise, and was not disciplined for this until the day she was fired. *Id.* at 37.

On August 11, 1997, around lunch time, the employer's fire alarm sounded. Plaintiff depo. at 38; Stogner affidavit at ¶ 3. Because floor managers are not informed in advance of fire drills, they never know whether the alarms signal a true emergency or a drill. Stogner affidavit at ¶ 3; Haraway affidavit ¶ 4. The plaintiff testified that as she was leaving the building, Wanda Burns, a clerical employee, stopped her and said, "We are having a fire drill, but you have got an emergency phone call." Plaintiff depo. at 38-39, 63. No one else was present at the time. *Id.* at 40. Plaintiff testified that when she picked up the phone, "the fire alarm was going off and there was noise in the background." *Id.* at 40, 41. Plaintiff stated her daughter called from Birmingham because her car had been broken into and her purse stolen. *Id.* at 41.

Floor supervisor Rhonda Haraway noticed plaintiff on the phone and instructed her to end the call and leave the building. Haraway affidavit at ¶¶ 6-8. Fawn Stogner, another floor supervisor, told plaintiff that she was not supposed to be on the phone during a fire drill, to which plaintiff responded that she knew, but had an emergency. Plaintiff depo. at 46. Plaintiff testified that she has been previously instructed that when a fire alarm sounded, she was to go outside to her designated area. Depo. of plaintiff at 63, 64. However, the plaintiff testified that she knew on this occasion the alarm was a drill because Burns, Stogner and Haraway all told her so before she went outside. Depo. of plaintiff at 65, 66. In contrast, Stogner states that she noticed plaintiff and Haraway still in the building and yelled to them

to get out. Stogner affidavit at ¶¶ 4-5,[4] Haraway affidavit at ¶ 8. Plaintiff continued her conversation for another "minute or two minutes". Plaintiff depo. at 45; Haraway affidavit at ¶ 6. Plaintiff then left the building. *Id.* at 46. Stogner and Haraway stated that, as supervisors, they had to remain in the building during a fire emergency until all employees were outside. Stogner affidavit at ¶ 4; Haraway affidavit at ¶ 5.

Barnett was not on the premises when the alarm sounded but, upon his return, Haraway informed him of plaintiff's refusal to get off the phone and exit the building. Barnett affidavit at ¶ 4. Haraway recommended to Barnett that plaintiff should be terminated for her insubordination and disregard for her safety and the safety of others, so Barnett terminated the plaintiff. Barnett affidavit at ¶¶ 4-5.

No evidence of other employees talking on the phone during an emergency and refusing to exit the building when instructed to do so by a supervisor has been presented to this court.[5] Rather, the defendants have presented evidence that such a situation has never before arisen. Barnett affidavit at ¶¶ 6-8; Haraway affidavit at ¶¶ 14-16; Anderson affidavit at ¶ 6. The plaintiff was terminated the same day as the fire drill, by Barnett, on

---

[4]No testimony of Burns has been offered by any party to this litigation.

[5]Plaintiff testified in her deposition that Marcia Murphy is another employee who told plaintiff that she used the phone during an emergency and was not fired. Plaintiff depo. at 85. However, the plaintiff has submitted no form of admissible evidence to establish that this conversation or event actually occurred (such as an affidavit from Ms. Murphy). Furthermore, plaintiff added that she does not know if Richard Barnett, or any other manager knew about this incident. Plaintiff depo. at 86-87.

recommendation from Haraway. Barnett affidavit at ¶¶ 5-8; Haraway affidavit at ¶¶ 12-16; Anderson affidavit at ¶ 6.

The plaintiff alleges she was terminated due to her race. She offers as evidence of this alleged discrimination that she was terminated; that her wages were reduced when she was placed on light duty work due to an injury; and that when she returned to full duty her wages were not likewise increased, however, she was reimbursed for the difference on her next pay check. Plaintiff depo. at 97-98. She also alleges other employees were given easier jobs than her after injuries, but could not name anyone so situated. Plaintiff depo. 113.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying

those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a

6

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

## LEGAL ANALYSIS

Plaintiff alleges her termination from employment at AWBC was due to defendants' discrimination against her on the basis of her race in violation of Title VII. In this case, the evidence of discrimination is wholly circumstantial in nature and thus the Supreme Court three-part test for evaluating circumstantial evidence and allegations applies to the facts before this court. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 310, 116 S.Ct. 1307, 1308, 134 L.Ed.2d 433 (1996); *citing St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 2746, 125 L.Ed.2d 407 (1993). *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

According to the *McDonnell Douglas* framework, plaintiff must first establish a prima facie case of race discrimination under Title VII by showing that (i) she is a member of a protected class; (ii) she was subject to an adverse employment action; (iii) her employer treated similarly situated non-protected employees more favorably; and (iv) she was otherwise qualified for the job. *O'Connor,* 517 U.S. at 310, 116 S.Ct. at 1308, citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. *Texas. Dept. of Community Affairs v/ Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527 (11th Cir. 1997).

7

Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Harris v. Shelby County Board of Education*, 99 F.3d 1078, 1083 (11th Cir. 1996). The defendant can feasibly present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 950 (11th Cir.1991), *cert. denied*, 502 U.S. 1058, 117 L. Ed. 2d 106, 112 S. Ct. 935 (1992)(quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596 (11th Cir.1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine*, 450 U.S. at 255, 101 S. Ct. at 1094 and n. 10.[6] While the preliminary burdens alternate between the plaintiff and the defendant, the ultimate burden of proving that the employer's action was intentionally discriminatory lies with the plaintiff. *Reeves v. Sanderson Plumbing*, -- U.S. --, 120 S.Ct. 2097, 2106 (2000); citing *Burdine*, 450 U.S. at 253. The plaintiff, in an attempt to satisfy this burden, must be given "an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves*, 120 S.Ct. at 2106; citing *Burdine*, 450 U.S. at 253; *see also St. Mary's Honor Center*, 509 U.S. at 507-508. A plaintiff may prove pretext and discredit the employer's proffered reasons by showing: "(1) that the proffered reasons had no basis in fact,

---

[6]The disappearance of the presumption does not compel summary judgment in favor of a defendant. The ultimate question remains the same: whether the plaintiff can persuade the trier of fact that she has been the victim of intentional discrimination. *See Howard v. BP Oil Co.*, 32 F.3d 520, 525 (11th Cir. 1994).

8

(2) that the proffered reasons did not actually motivate the employment decision, or (3) that they were insufficient to motivate the employment decision." *Walker v. Nationsbank of Fla.*, 53 F.3d 1548, 1564 (11th Cir. 1995).

The court finds that plaintiff meets parts one, two and four of the *McDonnell Douglas* factors, *supra*. However, the court finds that plaintiff has failed, under part three, *supra*, to provide any evidence that similarly-situated white employees were treated more favorably.[7] In comparing the treatment of plaintiff with that of white employees, plaintiff must show that her comparators are "similarly situated in all relevant respects" including whether they are "involved in or accused of the same or similar conduct and are disciplined in different ways." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir.1999).

The plaintiff makes the allegations that white females "had been allowed to receive/make phone calls during fire drills without suffering and punishment or consequences"; "others who were white were paid at higher rates" and that "whites who were injured and placed on light duty were never reduced to minimum wage as I was". *See* plaintiff's complaint of May 27, 1999. *See also* Amended Charge of Discrimination, dated September 11, 1998. However, the court finds that plaintiff has failed in her burden to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories,

---

[7] Defendant notes that plaintiff's Claim I of her amended complaint, "Title VII - Race and Gender," does not allege any gender discrimination, nor did her EEOC Charge of Discrimination or Amended Charge allege gender discrimination (Def. Brief at 5 n.3). Based on this failure to allege gender discrimination prior to filing her amended complaint, defendant cites *Bivins v. Jeffers Vet Supply*, 873 F.Supp. 1500, 1507 (N.D. Ala. 1994) for the proposition that the plaintiff is barred from raising a claim of gender discrimination.

9

and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Federal Rules of Civil Procedure 56(e).

Furthermore, the court finds that even if the plaintiff had presented sufficient evidence to establish a prima facie case of discrimination, she failed to present any evidence that the defendant's legitimate, nondiscriminatory reason for its action, namely that her actions potentially endangered the lives of others, was a pretext for discrimination. *See Reeves v. Sanderson Plumbing*, -- U.S. –, 120 S.Ct. 2097, 2106, 2108 (2000). *See also Brown*, 939 F.2d at 949-950; citing *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. As such, this court finds that the defendant is entitled to summary judgment on plaintiff's Title VII claim against her previous employer.

Although the plaintiff states claims against Richard Barnett and Clyde Anderson as individuals in her complaint, the court finds that these too must be dismissed as they fail to state a claim upon which relief can be granted. "[I]ndividual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); citing *Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1099 & n. 19 (5th Cir.1981); *see also* 42 U.S.C. § 2000e(b) (1988) (definition of "employer").

Plaintiff also claims that her termination was in retaliation for her complaints for violations of the Occupational Safety and Health Act, 29 U.S.C. § 660, et seq., ("OSHA").

Because OSHA does not provide a private right of action for employees, plaintiff's lacks standing to bring a claim under OSHA:

> Nowhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms.

*Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-977 (5th Cir. 1975). *See also Ellis v. Chase Communications*, 63 F.3d 473, 477 (6th Cir. 1995); *Donovan v. OSHRC*, 713 F.2d 918, 926 (2nd Cir. 1983).

## CONCLUSION

The court having considered the foregoing, and finding that the plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that the defendants' motion for summary judgment on all counts of the plaintiff's complaint is hereby **GRANTED**. The claims are **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs.

**DONE** and **ORDERED** this the 31 day of July, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE